IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Bruce Allen Buckner,<br><br>  PLAINTIFF<br><br> v.<br><br>RHPD Sergeant Carsto, et al.,<br><br>  DEFENDANTS | Case No. 0:20-cv-03253-TLW-SVH<br><br><br>**Order** |

This case is before the Court on Plaintiff Bruce Allen Buckner's objections to an order issued by the magistrate judge assigned to this case. The Court overrules his objections because the magistrate judge's order isn't clearly erroneous or contrary to law.[1]

## **Original Motions and Procedural History**

The first part of Mr. Buckner's objections is about his motion to amend his

---

[1] Mr. Buckner refers to his filings as an appeal, but they are classified as objections under Rule 72(a) of the Federal Rules of Civil Procedure. That rule provides as follows:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Review of a magistrate judge's order on non-dispositive matters, such as the motions at issue here, is deferential, and a magistrate judge's order on these types of issues will be overruled only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

complaint. In that motion, he asked for two things: (1) that the Rock Hill Police Department (RHPD) be removed from the complaint; and (2) to change the amount of money he wants from the individual defendants.[2]  ECF No. 42.

The second part of Mr. Buckner's objections is about his motion for default judgment. In that motion, he asked that judgment by default be entered against the individual defendants because he said that they didn't serve their answer on him within 21 days, as required by Rule 12(a). ECF No. 43.

The magistrate judge denied both of Mr. Buckner's motions in one order. The magistrate judge denied his motion to amend because an amended complaint replaces the original complaint and should be complete by itself. The magistrate judge denied his motion for default judgment because the individual defendants filed their joint answer on October 22, 2020. ECF No. 44.

Mr. Buckner then filed objections to the magistrate judge's order. ECF Nos. 53, 57.

## Objections

<ins>Motion to Amend</ins>

First, the Court will address Mr. Buckner's objections to the magistrate judge denying his motion to amend. He argues that he can amend his complaint as often as he wants under Rule 71.1 of the Federal Rules of Civil Procedure and that the

---

[2] That same day, he also sent a separate document asking to remove the RHPD from the complaint. ECF No. 41. That document was classified as a notice of voluntary dismissal under Rule 41(a), so the RHPD has now been dismissed from his case. Because of that, the part of his motion to amend that asks to remove the RHPD from the complaint is now moot.

magistrate judge's scheduling order gave him until November 23, 2020 to amend his complaint. However, the magistrate judge's reason for denying his motion was that the amended complaint replaces the original complaint, so the amended complaint has to be complete by itself.

A plaintiff is required to include a proposed amended complaint with his motion to amend because, if the motion is granted, the amended complaint will be considered in place of the original complaint. This requirement "ensure[s] that all of the allegations asserted against the defendants are contained in a single document reducing the likelihood that a party will overlook one or more allegations against him." *Jenkins v. S.C. Dep't of Corr.*, No. 8:09-3293-JFA-BHH, 2010 WL 11553265, at *1 (D.S.C. June 8, 2010). Because Mr. Buckner's motion to amend didn't include the amended complaint that he wants to file in place of the original complaint, the magistrate judge correctly denied his motion.

The magistrate judge's ruling wasn't clearly erroneous or contrary to law, so Mr. Buckner's objections on this issue are overruled.[3]

Motion for Default Judgment

Next, the Court will address Mr. Buckner's objections to the magistrate judge

---

[3] Mr. Buckner also refers to Rule 71.1, which says that "[w]ithout leave of court, the plaintiff may—as often as it wants—amend the complaint at any time before the trial on compensation." Fed. R. Civ. P. 71.1(f). But that rule only applies to cases that are about "condemn[ing] real and personal property by eminent domain." Fed. R. Civ. P. 71.1(a). Because that isn't an issue in this case, Rule 71.1 doesn't apply here.

At this point in Mr. Buckner's case, the rule about amending the complaint that applies is Rule 15(b). That rule says that he can amend his complaint only if the defendants agree in writing or if he gets the Court's permission.

denying his motion for default judgment. He says that October 22, 2020 was the deadline for the defendants to serve their answer on him, but he didn't receive it until October 29. Because he didn't receive the answer until a week after the deadline, he thinks they were late. He is not correct.

Although Rule 12 doesn't explain what it means to serve someone, Rule 5 does. That rule says that "[a] paper is served under this rule by: . . . (C) mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Applying that rule in this case means that the defendants served their answer on Mr. Buckner as soon as they put it in the mail to him on October 22. It doesn't matter that he didn't actually receive it until a week later. Under Rule 5(b)(2)(C), the date that matters is the date that they put it in the mail—October 22.

The magistrate judge's ruling wasn't clearly erroneous or contrary to law, so Mr. Buckner's objections on this issue are overruled.

## Other Motions

In looking at the docket, the Court sees that Mr. Buckner has filed several other motions about these same issues. The Court will also rule on those motions in this order.

### Motions to Amend

Mr. Buckner has filed two more motions to amend. In one motion, he asks to change the name of one of the defendants and to change the amount of money he wants from the defendants. ECF No. 47. In the other motion, he asks to change the injuries that he says he suffered. ECF No. 49.

4

Both motions have the same problem that the magistrate judge identified in Mr. Buckner's earlier motion to amend—he didn't include the full amended complaint that he wants to substitute for the original complaint. His motions are just short documents that say that he wants to change certain parts of his original complaint. Neither his earlier motion nor these two current motions included the full amended complaint that he wants to file. Because that isn't allowed, his two pending motions to amend are also denied.

Mr. Buckner's motions to amend have now all been properly denied. However, the Court will allow him one final chance to try to amend his complaint in compliance with the requirements discussed above. He may file another motion to amend, along with the full amended complaint he wants to file, within 30 days of the date of this order. That gives him until Thursday, January 7, 2021 to file his motion. If he does so, the motion will be considered by the magistrate judge to determine whether it complies with the relevant rules and should be granted. If he does not file a motion by that date or if the motion is denied, the case will continue to proceed before the magistrate judge based on the original complaint.

Motion for Summary Judgment

Mr. Buckner has also filed a motion for summary judgment. In that motion, he asks for summary judgment for the same reason he asked for a default judgment earlier—that the defendants didn't serve their answer on him by the deadline. ECF No. 52. But as discussed above, under Rule 5(b)(2)(C), their answer is considered to be served at the moment they put it in the mail to him. Because they put their answer

5

in the mail to him by the deadline, they weren't late. So, for that reason, his motion for summary judgment is denied.

## Conclusion

In summary, the Court make the following rulings:

1. Mr. Buckner's objections, ECF Nos. 53, 57, are **OVERRULED**.

2. Mr. Buckner's motions to amend, ECF Nos. 47, 49, are **DENIED**.

3. Mr. Buckner's motion for summary judgment, ECF No. 52, is **DENIED**.

As discussed above, Mr. Buckner may file a new motion to amend his complaint within 30 days of the date of this order, making his deadline January 7, 2021. Along with a copy of this order, the Clerk is directed to mail to Mr. Buckner a blank copy of the civil rights complaint form for prisoners.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

December 8, 2020
Columbia, South Carolina

6