IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bruce Allen Buckner, ) | C/A No.: 0:20-3253-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| RHPD Sergeant Carsto, RHPD ) | ORDER |
| Officer Kunde, RHPD Officer ) | |
| Andrew Hem, RHPD Officer Terry ) | |
| Sanders, RHPD Officer Robin ) | |
| Gander, each in his/her individual ) | |
| and official capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Bruce Allen Buckner ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth and Fourteenth Amendment rights due to actions taken by Defendants on January 16, 2020, when they entered Plaintiff's hotel room, performed a search, and subsequently arrested him. Plaintiff additionally brings claims arising under South Carolina law including for trespassing, conspiracy, and kidnapping.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ, Rule 73.02(B)(2)(e) (D.S.C.). This matter comes before the court on Defendants'

motion to stay [ECF No. 37] and Plaintiff's motion to amend his complaint [ECF No. 71]. For the reasons that follow, both motions are granted.

I.   Factual and Procedural Background

Plaintiff alleges Defendants illegally entered and searched his hotel room on January 16, 2020, leading to his unlawful arrest the following day. [ECF No. 1, *see also* ECF No. 37-2]. Plaintiff was initially charged with multiple offenses, including two counts of possession with intent to distribute methamphetamine, two counts of possession with intent to distribute heroin, and one count of possession of a firearm by a person convicted of a violent crime. [ECF No. 37-2]. Defendants state that, upon information and belief, Plaintiff is awaiting trial on at least three of those felony criminal offenses. [*See* ECF No. 37-1 at 2 (citing ECF No. 37-2, ECF No. 37-3, ECF No. 37-4)].

Plaintiff filed this complaint on September 11, 2020, seeking money damages. [ECF No. 1, *see also* ECF No. 71 at 13]. On October 28, 2020, Defendants filed a motion to stay, arguing the case is appropriately stayed under *Younger v. Harris*, 401 U.S. 37 (1971). [ECF No. 37]. Additionally, throughout the course of this litigation, Plaintiff has multiple times attempted, unsuccessfully, to amend his complaint. [*See* ECF No. 42, 47, 49]. On December 8, 2020, the court issued an order, in part, providing Plaintiff with a final opportunity to amend his complaint with a deadline of January 7, 2021. [ECF No. 66]. The next day the court entered an additional order, in

part, informing the parties that after the deadline had passed for Plaintiff to file a motion to amend his complaint, the court would rule on Defendants' motion to stay. [ECF No. 68]. Plaintiff filed a motion to amend his complaint on December 29, 2020. [ECF No. 71].

II. Discussion

    A.    Plaintiff's Motion to Amend

Regarding Plaintiff's motion to amend, Defendants state as follows:

> These Defendants have reviewed Plaintiff's Motion to Amend and/or Amended Complaint; and to the extent Plaintiff's filings now comport with the Honorable Judge Wooten's Order dated December 8, 2020 (ECF No. 66) and properly includes a full and attached Amended Complaint, these Defendants consent to Plaintiff's Motion to Amend the Complaint. *See, e.g., Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (Explaining that "an amended pleading ordinarily supersedes the original and renders it of no legal effect.").

[ECF No. 72 at 2].

Review of Plaintiff's motion to amend reveals Plaintiff's filing comports with this court's December 8, 2020 order and includes a full amended complaint. The undersigned grants Plaintiff's motion to amend [ECF No. 71], and directs the clerk of court to change the caption of the case regarding the names of two defendants, now identified as Andrew Hems and Jerry Sanders.

    B.    Defendants' Motion to Stay

In *Younger*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow

and extraordinary of circumstances. *See also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Applying these factors to this case, the court finds abstention is appropriate. First, the initiation of the State prosecution of Plaintiff's criminal charges significantly predates the filing of his complaint. Plaintiff was arrested on January 16, 2020, and charged with multiple felony offenses, and he did not initiate this civil action until September 11, 2020. Moreover, the language of Plaintiff's original and amended complaint indicates that the constitutional issues raised in this action of unlawful search and seizure are also constitutional issues that must be resolved in his underlying criminal action and state prosecution for narcotics and weapons offenses. Regardless

4

of the specific relief sought, Plaintiff's success on these issues is predicated upon a ruling directly at issue in the pending state proceedings, the lawfulness of law enforcement's search of his hotel room and the subsequent seizure of weapons and narcotics. Thus, Plaintiff will clearly have an adequate opportunity to raise the constitutional issues in the pending state criminal action. Because the criminal charges precede this civil action, and the State of South Carolina necessarily has a clear and substantial interest in the prosecution of felony criminal offenses that occur within its jurisdiction, all of the requisite elements of the *Younger* doctrine have been satisfied in this case. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (noting "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").

As stated by the Fourth Circuit:

> The Supreme Court has recognized that a federal court may disregard *Younger's* mandate only where (1) "there is a showing of bad faith or harassment by state officials responsible for the prosecution"; (2) "the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions"; or (3) "other extraordinary circumstances" exist that present a threat of immediate and irreparable injury.

*Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (citing *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

5

Here, there is no evidence before the court at this time to suggest that any exception would otherwise apply to bar abstention in this action. *See generally, e.g., Gilbert v. The North Carolina State Bar*, 660 F.Supp.2d 636, 644 (E.D.N.C. 2009) (explaining that bad faith implicates a prosecution pursued without an expectation of securing a valid conviction and further delineating the requisite factors to determine whether a state entity has brough a criminal case in bad faith or with an intent to harass); *Suggs v. Brannon*, 804 F.2d 274 (4th Cir. 1986). Likewise, there is no indication that the underlying actions are motivated by Plaintiff's suspect class or as a means of retaliation for the exercise of his constitutional rights, nor has he alleged or otherwise substantiated any claims that he would suffer irreparable harm.

Defendants argue that in the event the court finds *Younger* abstention appropriate, the court should stay this case pending resolution of the state criminal proceedings. In support, Defendants cite the Fourth Circuit in *Suggs* in which the court vacated and remanded the district court's order that dismissed the plaintiff's damages claims pursuant to *Younger*, holding as follows:

> We now hold that *Younger* does not invariably require dismissal of § 1983 damage actions.
>
> *Younger* abstention presupposes that the federal plaintiff will have an adequate opportunity to raise constitutional claims

6

> during the ongoing state proceeding. A state criminal proceeding, however, ordinarily would not address issues such as appellants' claim that they were held under excessive bond and unconstitutional bail conditions, for pretrial detention issues cannot be raised in defense of a criminal prosecution. If the state criminal court rules that the search and seizure was unlawful, Smith could not recover damages in those proceedings. Deferring the appellants' right to institute an action for damages until the conclusion of the criminal cases might cause their claims to be barred by a statute of limitations. Thus, in order to afford plaintiffs a day in court, they should be allowed to maintain their actions for damages . . . .
>
> A stay is appropriate. If the criminal trials provide the parties with a full and fair opportunity to litigate their constitutional claims, they may then possibly assert the state court judgment to preclude either claim or defense as the case may be . . . .

*Suggs*, 804 F.2d at 279–80 (citations omitted); *see also Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir.1989) (holding § 1983 damage claim should be stayed under *Younger* while state criminal action proceeded); *Nivens*, 444 F.3d at 248 ("One of the principles underlying *Younger* is that it is unnecessary for a federal court to enjoin a pending prosecution or declare a statute unconstitutional because a state court may itself make either of those judgments in response to a defendant's objections during prosecution. State criminal proceedings do not, however, allow for claims of money damages by criminal defendants—such a claim is simply not available. Therefore, a 'District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding. Accordingly, the district court here erred in dismissing Appellants' damages claims

7

pursuant to the *Younger* doctrine.'") (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *Beam v. Tatum*, 299 F. App'x 243, 248 (4th Cir. 2008) ("We note, however, that because Beam's complaint requests monetary relief, the proper resolution is to stay Beam's case pending conclusion of the state proceedings.") (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996));*Valencia v. Doe Officers*, C/A No. 6:13-634-MGL, 2014 WL 3687422, at *4–6 (D.S.C. July 23, 2014) (collecting cases).

Following the Fourth Circuit's guidance, the undersigned grants Defendants' motion to stay the instant proceeding "pending ultimate termination of the state prosecution, including any relevant state collateral review proceedings, whether by adjudication on the merits or by a decision of the state at any point to abandon or forego the prosecution." *Traverso*, 874 F.2d at 209.

III. Conclusion

For the foregoing reasons, Plaintiff's motion to amend [ECF No. 71] is granted. The Clerk of Court is directed to change the caption of the case regarding the names of two defendants, now identified as Andrew Hems and Jerry Sanders. The court also grants Defendants' motion to stay the instant proceeding pending outcome of the corresponding state court proceedings [ECF No. 37]. Further, Defendants are directed to submit status reports

every six months to apprise the court of the ongoing state criminal proceedings.

IT IS SO ORDERED.

*Shiva V. Hodges*

January 19, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

9