IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bruce Allen Buckner, ) | C/A No.: 0:20-3253-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| RHPD Sergeant Carsto, RHPD ) | ORDER |
| Officer Kunde, RHPD Officer ) | |
| Andrew Hem, RHPD Officer Terry ) | |
| Sanders, RHPD Officer Robin ) | |
| Gander, each in his/her individual ) | |
| and official capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Bruce Allen Buckner ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth and Fourteenth Amendment rights due to actions taken by Defendants on January 16, 2020, when they entered Plaintiff's hotel room, performed a search, and subsequently arrested him. Plaintiff additionally brings claims arising under South Carolina law, including for trespassing, conspiracy, and kidnapping.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ, Rule 73.02(B)(2)(e) (D.S.C.).

I.   Factual and Procedural Background

Plaintiff alleges Defendants illegally entered and searched his hotel room on January 16, 2020, leading to his unlawful arrest the following day. [ECF No. 1, *see also* ECF No. 37-2]. Plaintiff was initially charged with multiple offenses, including two counts of possession with intent to distribute methamphetamine, two counts of possession with intent to distribute heroin, and one count of possession of a firearm by a person convicted of a violent crime. [ECF No. 37-2]. The York County grand jury returned the following true-billed indictments related to Plaintiff on November 12, 2020: 1) possession with intent to distribute heroin, 3rd or subsequent offense; 2) possession with intent to distribute methamphetamine; and 3) possession of a firearm by a person convicted of a violent offense. [ECF No. 99-1–3]. Plaintiff was tried on those indictments in the Sixteenth Circuit Court of General Sessions the week beginning on May 24, 2021, and ultimately convicted on or about May 28, 2021, following a four-day trial. [ECF No. 99-4–6]. Plaintiff has advised the court that his appeals have been denied. [ECF Nos. 87, 92].

II.   Discussion

Defendants argue Plaintiff's claims for damages related to his arrest and prosecution are barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court stated the following:

> We hold that, in order to recover damages for allegedly

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87.

In addressing a claim for damages, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. It appears that *Heck* bars the instant action.

Plaintiff is directed to show cause by **November 22, 2021**, why this case should not be dismissed as barred by *Heck*.

IT IS SO ORDERED.

*Shiva V. Hodges*

November 1, 2021  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

3