UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bruce Allen Buckner,<br><br>PLAINTIFF<br><br>v.<br><br>RHPD Sergeant Castro, RHPD Officer Kunde, RHPD Officer Andrew Hem, RHPD Officer Terry Sanders, RHPD Officer Robin Gander, each in his/her individual and official capacities,<br><br>DEFENDANTS. | Case No. 0:20-cv-3253-TLW<br><br>**Order** |

Plaintiff Allen Buckner, proceeding pro se and in forma pauperis, alleging violations of his constitutional rights due to actions taken by Defendants on January 16, 2020, when they entered Plaintiff's hotel room, performed a search, and arrested him. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 107.

In the Report, the magistrate judge recommends that the Complaint be dismissed on grounds that Plaintiff's claims for damages related to his arrest and prosecution are barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court stated the following:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

> U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486–87.

On November 1, 2021, the magistrate judge issued an order directing Plaintiff to show cause by November 22, 2021, why Plaintiff's claims should not be dismissed as barred by *Heck*. ECF No. 100. Plaintiff failed to take the opportunity given to him to respond to the magistrate judge's order, ECF No. 100, at which point the magistrate judge issued the Report. Plaintiff then filed objections, but again failed to provide any reason this case is not barred by *Heck*. ECF No. 110. This matter is now ripe for decision.

> In reviewing the Report, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and the objections, for the reasons stated by the magistrate judge, particularly Plaintiff's failure to follow

the magistrate judge's order directing Plaintiff to show cause why this case should not be dismissed as barred by *Heck*, the Report is **ACCEPTED**. His objections are **OVERRULED**. His Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.[1]

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

May 9, 2022
Columbia, South Carolina

---

[1] The remaining outstanding motions, ECF Nos. 93, 116, 119, and 120 are hereby denied as moot.